UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK VICINAGE)

| | |
|---|---|
| **LASER TECHNOLOGY, INC.,**<br><br>**Plaintiff,**<br><br>- vs. -<br><br>**TIGER SUPPLIES, INC.**<br><br>**Defendant.** | C.A. NO.: _____<br><br>**Jury trial demanded** |

### CIVIL ACTION - COMPLAINT

This action arises from Defendant's breach of its Distribution Agreement by shipping products outside of its designated territory and specified markets, including exporting outside the United States, and its post-termination refusal to cease from selling Plaintiff's products. Plaintiffs seek both monetary judgments against Defendants to recover its damages from Defendant's trademark infringement, patent infringement, breach of contract, breach of the duty of loyalty, tortious interference with contract and with prospective business relationships, unjust enrichment, unfair competition, conversion, and violations of the New Jersey Consumer Fraud Act, and injunctive relief against Defendants' operation.

### PARTIES

1. Plaintiff Laser Technology, Inc. ("Laser Technology") is engaged in the business of designing and manufacturing innovative laser-based speed and distance measurement instruments. It is incorporated in the State of Delaware, with its principal place of business at 6912 South Quentin Street, Centennial, Colorado 80112.

2. Defendant Tiger Supplies, Inc. ("Tiger Supplies") is a New Jersey limited liability company with offices located at 27 Selvage Street, Irvington, NJ 07111, and transacting business in this judicial district through the same offices.

4832-9571-3316.1

## VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, because this action deals with trademark infringement, and 17 U.S.C. § 501(a) and (b), because this action deals with copyright infringement. The court has supplemental jurisdiction over the state law claims of contract breach and business torts.

4. Venue is properly in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claim occurred in this District.

5. This Court has *in personam* jurisdiction over Defendant because it conducts business in this District.

## FACTS

### The Parties' Rights and Obligations Under the Distribution Agreement

6. Since April 2010, Tiger Supplies has had a non-exclusive agreement to distribute Laser Technology's professional measurement equipment and software in a specific territory, beginning in 2010 with New Jersey and New York only and from January 1, 2013, to December 31, 2013, New Jersey, Pennsylvania, New York, Delaware, and Maryland only. The Distribution Agreements are attached hereto as **Exhibit A.**

7. The purpose of granting specific areas for distribution is to foster inter-brand competition between Laser Technology's authorized distributors and competitors.

8. The Distribution Agreement specifically prohibited export sales and sales to U.S.-based exporters and also advertising a lower price than MSRP in any form of advertising media, including but not limited to, web publications like eBay.

9. The purpose of prohibiting export sales and sales to U.S. based exporters is to prevent violations of export controls to which these products are subject.

**Defendant's Unauthorized Distribution Before and After Termination**

10.     On July 23, 2013, Laser Technology terminated Tiger Supplies as an authorized dealer, because it repeatedly shipped products outside of its designated territory and specified markets, including exporting outside the United States.

11.     After being informed by other authorized suppliers that Tiger Supplies continued to sell Laser Technology products, Laser Technology sent a cease and desist letter on July 25, 2014, and offered to purchase Tiger Supplies' inventory of Laser Technology products at its cost. The July 25, 2014 letter is attached hereto as **Exhibit B.**

12.     Tiger Supplies has refused to cease and desist its unauthorized sales of Laser Technology products.

13.     Tiger Supplies has, without permission or license, been using Laser Technology's proprietary images, product descriptions, and product specifications on its website, www.tigersupplies.com, in connection with the promotion and/or sale of Laser Technology products.

14.     Only authorized distributors (or other licensees) are permitted to use Laser Technology's images and materials for commercial purposes.

15.     Tiger Supplies advertises Laser Technology products at a lower price than MSRP.

16.     Tiger sells Laser Technology products like the TruPulse 7005025 Laser Technology 200 Laser Range Finder ("TruPulse 7005025") on the Amazon website.

17.     Any Laser Technology products sold by unauthorized dealers like Tiger Supplies do not have a factory warranty.

18.     Tiger Supplies is not authorized to perform warranty work for Laser Technology.

19.     Tiger Supplies does not inform its purchasers that the products it sells lack a manufacturer's warranty.

## COUNT I
## TRADEMARK INFRINGEMENT (LANHAM ACT)

20. Laser Technology restates and realleges the statements and allegations contained in the preceding paragraphs, as if fully set forth at length herein.

21. Defendant's Distribution Agreement was terminated.

22. Defendant after termination engaged in product sales and either expressly or tacitly represented that it was authorized to sell the product as a distributor and did not disclose that such sales void the manufacturer's warranty.

23. Defendant's misrepresentation of the warranty status, or full disclosure of the unavailability of a manufacturer's warranty, misrepresents Plaintiff's products and negatively affects the good will of Plaintiff and its products.

24. The sales of Plaintiff's trademarked products without a manufacturer's warranty is materially different from the sale of Plaintiff's trademarked products with a manufacturer's warranty and causes confusion in the marketplace regarding the warranty status of any of Plaintiff's goods which are sold.

25. Defendant's post-termination distribution is likely to confuse or deceive the public into believing, contrary to fact, that Defendant is licensed, sponsored, authorized, or otherwise approved by Laser Technology or is in some other way connected or affiliated Laser Technology. Such unlicensed use infringes on Laser Technology's exclusive rights in the trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

27. As a result of Defendant's actions, Laser Technology has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## COUNT II
## TRADEMARK INFRINGEMENT (COMMON LAW)

28. Laser Technology restates and realleges the statements and allegations contained in the preceding paragraphs, as if fully set forth at length herein.

29. Defendant's acts constitute willful trademark and service mark infringements under the common law.

## COUNT III
## COPYRIGHT INFRINGEMENT

30. Laser Technology restates and realleges the statements and allegations contained in the preceding paragraphs, as if fully set forth at length herein.

31. Defendant's acts and use of Laser Technology's images and other materials constitutes willful copyright infringement in violation of the Copyright Act of 1976 (as amended), 17 U.S.C. § 501(a) and (b).

## COUNT IV
## BREACH OF DISTRIBUTION AGREEMENT

32. Laser Technology restates and realleges the statements and allegations contained in the preceding paragraphs, as if fully set forth at length herein.

33. The Distribution Agreement between the parties allowed Defendant to distribute Laser Technology's professional measurement equipment and software in five designated States only.

34.     The Agreement specifically prohibited export sales and sales to U.S.-based exporters and also advertising a lower price than MSRP in any form of advertising media, including but not limited to, web publications like eBay.

35.     Tiger Supplies breached the Agreement by shipping products outside of its designated territory and specified markets, including exporting outside the United States, subjecting the manufacturer to risk of violation of export controls.

36.     Furthermore, Tiger Supplies continues to advertise Laser Technology products at a lower price than MSRP and on the Amazon website, exploiting its former relationship and knowledge base obtained while an authorized distributor and concealing from its potential buyers that it is no longer an authorized distributor able to extend a manufacturer's warranty.

37.     As a consequence of the foregoing, Laser Technology has suffered and will continue to suffer irreparable harm and loss and damages in an amount to be determined at trial, which damages are ongoing and continue unabated at the time of the filing of this complaint.

## COUNT V
## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE BUSINESS RELATIONSHIPS

38.     Laser Technology restates and realleges the statements and allegations contained in the preceding paragraphs, as if fully set forth at length herein.

39.     At all times material and relevant herein, Defendant had knowledge that he was subject to the Distribution Agreement and its provisions and prohibition against distribution of Laser Technology's confidential and proprietary information, namely its professional measurement equipment and software, outside of New Jersey, Pennsylvania, New York, Delaware, and Maryland.

40. Laser Technology has valid and continuing present and prospective business relationships with its customers and authorized distributors.

41. Defendant knew and continues to know of the existence of these valid business relationships.

42. Notwithstanding, Defendant tortiously interfered with both present and prospective contractual relationships between Laser Technology and its customers, prospective customers, and authorized distributors in areas outside the five designated States.

43. Defendant knew of the distribution system of Laser Technology maliciously interfered with the distribution system in order to undercut authorized Laser Technology dealers by selling products without disclosing the products lacked factory warranties, and free loaded off the dealer network by implicitly representing that the goods they were selling were identical to the goods sold be the authorized dealer network.

44. Defendant's actions were and are without privilege or justification.

45. As a consequence of the foregoing, Laser Technology has suffered and will continue to suffer irreparable harm and loss and damages in an amount to be determined at trial, which damages are ongoing and continue unabated at the time of the filing of this complaint.

## COUNT VI
## UNFAIR COMPETITION

46. Laser Technology restates and realleges the statements and allegations contained in the preceding paragraphs, as if fully set forth at length herein.

47. As a result of selling products manufactured by Laser Technology without disclosing that the products lacked the factory warranty, Defendant has engaged in unfair competition.

48. As a consequence of the foregoing, Laser Technology has suffered and will continue to suffer irreparable harm and loss and damages in an amount to be determined at trial, which damages are ongoing and continue unabated at the time of the filing of this complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Laser Technology requests that this Court:

A. Award Plaintiff's judgment against Defendant for the damages Plaintiff has sustained and the profits Defendant have derived as a result of their trademark infringement and unfair competition, and that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

B. Award Plaintiff's judgment against Defendant for the damages Plaintiff has sustained and the profits Defendant have derived as a result of their copyright infringement and unfair competition, and that such damages be assessed in accordance with 17 U.S.C. § 504;

C. Enter an order enjoining Defendant, and all those acting in concert with them, by preliminary and permanent injunction, from using Plaintiff's trademark, trade name, good will and trade dress, and from otherwise engaging in unfair competition with Plaintiff;

D. Direct Defendant to deliver and surrender to Laser Technology the aforementioned equipment and assets and all its confidential and proprietary information in whatever form;

E. Direct Defendant to account for and imposing a constructive trust in favor of Laser Technology on all revenues wrongfully derived by Defendant as result of the aforementioned actions on his part;

F. Award Plaintiff's prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

G. Award Plaintiff costs, compensatory and punitive damages, and attorneys' fees incurred in connection with this action; and

H. Award Plaintiff such other relief as this Court may deem just and proper.

Respectfully submitted,

**NIXON PEABODY LLP**

By: <u>s/ Craig R. Tractenberg</u>
Craig R. Tractenberg (CT 6759)
437 Madison Avenue
New York, NY 10022
(212) 940-3722

Attorneys for Plaintiff Laser Technology, Inc.

Dated:  October 19, 2015